IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. EATON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-722-RGA |
| JEFF WHITE'S AUTO INC., et al., | : |
| Defendants. | : |

James C. Eaton, Lewes, Delaware. Pro Se Plaintiff.

David W. Carickhoff, Jr., Esquire, Archer & Greiner, P.C., Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

May 9, 2014
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Plaintiff James C. Eaton filed this action on April 25, 2013.[1] (D.I. 1). He appears *pro se*. On September 19, 2013, an entry of default was entered against Defendants.[2] Presently before the court is Defendants' motion to vacate default and permit filing of responsive pleading. (D.I. 17). Plaintiff opposes the motion. (D.I. 21). The matter has been fully briefed.

## BACKGROUND

Plaintiff filed this action on April 25, 2013. (D.I. 1). On June 12, 2013, Plaintiff filed an amendment to the ad damnum clause of the Complaint. (D.I. 3). Returns of Service were executed stating that the three Defendants, Jeff White's Auto, Inc., Jeff White's Autoworks, Inc., and Jeffrey A. White were served with process on May 13, 2013. (D.I. 4, 5, 6). When Defendants did not timely file an answer, Plaintiff moved for entry of default (D.I. 9), and it was entered by the Clerk on September 19, 2013. (D.I. 10). Defendants now move to vacate the entry of default and for permission to file a responsive pleading. (D.I. 17).

## DISCUSSION

Defendants move to set aside the entry of default on the basis that there exists good cause to do so. In addition, Defendants advise the Court that the amendment to

---

[1] Plaintiff's recent filings now include Jeannie D. Eaton in the caption of the motions as a co-plaintiff. However, she is not named as a Plaintiff in the original Complaint, *see* D.I. 1, and she is not named as a Plaintiff in the amendment, *see* D.I. 3, although her name is included in the document's letterhead. The Court does not consider Jeannie D. Eaton as a party to this action as the case now stands.

[2] The Court has been informed that Jeffrey White died on September 8, 2013. To date, there has been no suggestion of death or motion for substitution filed in this case. See Fed. R. Civ. P. 25

the ad damnum clause was never served on Defendants. Plaintiff responds that there was proper service and that Defendants do not have good cause to set aside the entry of default.

Having reviewed the instant motion and opposition thereto, the Court concludes that the factors enumerated in *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir.1984), support setting aside the entry of default. The decision to vacate the entry of default is left to the discretion of the district court. *Id.* In making this determination, the Court considers: (1) whether Plaintiff will be prejudiced if the Court sets aside the default; (2) whether Defendants have a meritorious defense; and (3) whether the default was a result of Defendants' culpable conduct. *Id.* Defaults are generally disfavored, and therefore, in close cases, courts must construe doubts in favor of resolving the cases on the merits. *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987) (citations omitted).

In the instant case, the Court concludes that the factors weigh against the entry of default. Even assuming arguendo there was proper service of process, the Court cannot say that Plaintiff will be prejudiced by a delay in a responsive pleading. Indeed, when Plaintiff had taken no action, the Court entered a show cause order why this case should not be dismissed for his failure to prosecute. (*See* D.I. 13). Thus, the first factor weighs against the entry of default. Next, Defendants have apprised the Court of a meritorious defense (*e.g.*, res judicata and reliance upon statutes that do not provide for a private cause of action) that would provide a complete defense if proved at trial. *See* $55,518.05, 728 F.2d at 195. Finally, the Court cannot say that the default was the result of Defendants' culpable conduct. "In this context, culpable conduct means

actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Notably, Jeffrey White died prior to entry of default and, upon first learning of this action, the administrators of his estate took prompt action. Thus, the Court concludes that, under the circumstances, there is insufficient evidence on the record to find wilfulness or bad faith.

Therefore, he Court concludes that entry of default is not warranted because Plaintiff has not established prejudice, Defendants have a meritorious defense, and there is insufficient evidence of culpable conduct by Defendants.

## CONCLUSION

For the above reasons, the Court will: (1) GRANT Defendants' motion to vacate default and permit filing of a responsive pleading; (2) SET ASIDE the September 12, 2013 entry of default; and (3) GRANT Defendants' additional time to file a responsive pleading to the Complaint and Amended Complaint. An appropriate order will be entered.

3