**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                        )
James C. Eaton,                         )
                                        )
            Plaintiff,                  )      Civil Action No. 13-722-RGA
                                        )
      v.                                )
                                        )
Jeffrey A. White, Jeff White's Auto Inc., and   )
Jeff White Autoworks Inc.,              )
                                        )
            Defendants.                 )
_____)


**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**


Dated:  May 23, 2014              ARCHER & GREINER, P.C.
                                  Harold W.T. Purnell, II (DE 1094)
                                  David W. Carickhoff, Jr. (DE 3715)
                                  300 Delaware Avenue, Suite 1370
                                  Wilmington, DE 19801
                                  Telephone:  (302) 777-4350
                                  Facsimile:  (302) 777-4352
                                  Email: hpurnell@archerlaw.com
                                         dcarickhoff@archerlaw.com

                                  _Counsel to Estate of Jeffrey A. White, Jeff White's_
                                  _Auto Inc., and Jeff White Autoworks Inc._

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ................................................................................. ii

I.      NATURE AND STAGE OF PROCEEDINGS ................................................. 1

II.     SUMMARY OF ARGUMENT ....................................................................... 2

III.    STATEMENT OF THE FACTS ....................................................................... 3

IV.     ARGUMENT ................................................................................................... 6

      A.      The Claims Are Barred By The Doctrine of *Res Judicata* (Or Claim Preclusion) ................................................................................................. 6

      B.      The Claims Are Barred By The Doctrine of Collateral Estoppel (Or Issue Preclusion) ................................................................................................. 8

      C.      Complaint Fails To State A Claim Upon Which Relief Can Be Granted .. 9

            1.      There Is No Private Cause Of Action For Mail Fraud Or Wire Fraud ................................................................................................. 9

            2.      Complaint Fails To Adequately State A RICO Claim ................. 10

V.      CONCLUSION ............................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

<u>Addlespurger v. Corbett</u>,
   461 F. Appx. 82 (3d Cir. 2012)........................................................................................10

<u>Ashcroft v. Iqbal</u>,
   566 U.S. 662 (2009).........................................................................................................11

<u>Bell Atlantic Corp. v. Twombly</u>,
   550 U.S. 544 (2007).........................................................................................................11

<u>Burlington Northern Railroad v. Hyundai Merch. Marine Co.</u>,
   63 F.3d 1227 (3d Cir. 1995)..............................................................................................8

<u>Elkadrawy v. The Vanguard Group, Inc.</u>,
   584 F.3d 169 (3d Cir. 2009)..........................................................................................7, 8

<u>Ford v. Schering-Plough Corp.</u>,
   145 F.3d 601 (3d Cir. 1998), <u>cert. denied</u>, 525 U.S. 1093 (1999) ..........................................11

<u>Jones v. TD Bank</u>,
   468 Fed. Appx. 93 (3d Cir. 2012)....................................................................................10

<u>Motjuste Tirade of Vim Andre Juste v. Phillips</u>,
   2014 U.S. Dist. LEXIS 54914 (N.D. W. Va. Feb. 25, 2014)...........................................10

<u>Peloro v. United States</u>,
   488 F.3d 163 (3d Cir. 2007)..............................................................................................8

<u>Pennington v. Wells Fargo Bank, N.A.</u>,
   2012 U.S. Dist. LEXIS 151206 (E.D. Pa. Oct. 19, 2012).................................................9

<u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>,
   998 F.2d 1192 (3d Cir. 1993)..........................................................................................11

<u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>,
   986 F.2d 1208 (8th Cir. 1993) .....................................................................................12

<u>Pryor v. National Coll. Athletic Ass'n</u>,
   288 F.3d 548 (3d Cir. 2002)............................................................................................11

Santiago v. Warminster Twp.,
    629 F.3d 121 (3d Cir. 2010).........................................................................................11

Sedima, S.P.R.L. v. Imrex Co., Inc.,
    473 U.S. 479 (1985)....................................................................................................12

Williams v. Murdoch,
    330 F.2d 745 (3d Cir. 1964)..........................................................................................8

Williamson v. Michals,
    2013 U.S. Dist. LEXIS 119805 (D. N.J. Aug. 23, 2013).........................................10

Wisdom v. First Midwest Bank, of Poplar Bluff,
    167 F.3d 402 (8th Cir. 1999) .........................................................................10, 12, 13

**State Cases**

Branson v. Branson,
    2013 Del. LEXIS 144, *4 (Del. March 19, 2013)...................................................7, 8

Wilson v. Brown,
    36 A.3d 351, 2012 Del. LEXIS 33 (Del. Jan. 24, 2012).........................................7, 8

**Federal Statutes**

18 U.S.C. § 1341................................................................................................... *passim*

18 U.S.C. § 1343................................................................................................... *passim*

18 U.S.C. § 1961(1) ...................................................................................................12

18 U.S.C. § 1964................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................7, 9, 11

Fed. R. Civ. P. 55(a) ....................................................................................................1

Comm. P. Ct. Civ. R. 41(b)...........................................................................................8, 9

## I.      NATURE AND STAGE OF PROCEEDINGS

On April 25, 2013, Plaintiff filed his pro se complaint (the "Original Complaint") and Civil Cover Sheet (D.I. 1).  The Civil Cover Sheet indicates that Plaintiff's causes of action are filed pursuant to 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1964 (RICO).

On June 12, 2013, Plaintiff amended his complaint (as amended, the "Complaint"), adding a damages amount of $1 million in his request for relief (D.I. 3).

On September 11, 2013, Plaintiff filed a motion for default judgment (the "First Motion for Default Judgment") (D.I. 7).  On September 12, 2013, the Clerk of the Court entered an order denying the First Motion for Default Judgment for Plaintiff's failure to comply with Federal Rule of Civil Procedure 55(a) (D.I. 8).

On September 17, 2013, Plaintiff filed a second motion for default judgment (the "Second Motion for Default Judgment") (D.I. 9).

On September 19, 2013, the Clerk of the Court entered a default against the Defendants (the "Default") (D.I. 10).

On November 6, 2013, the Court entered an order requiring Plaintiff to show cause by November 27, 2013, why this case should not be dismissed for failure to prosecute ("Order to Show Cause") (D.I. 13).

On December 2, 2013, Plaintiff filed a Report & Recommendation in response to the Order to Show Cause (D.I. 14).

On December 16, 2012, this Court entered an order scheduling a hearing on default for January 7, 2014 at 2:00 p.m. (D.I. 15).

On January 7, 2014, Defendants filed a Motion to Vacate Default and Permit Filing of Responsive Pleading ("Motion to Vacate Default") (D.I. 17) and opening brief in support of the Motion to Vacate Default (D.I. 18).[1]

On or about March 11, 2014, Plaintiff filed Plaintiff's Answer to Defendants' Motion to Vacate Default Judgment ("Opposition to Motion to Vacate Default") (D.I. 21).

On May 9, 2014, this Court entered a Memorandum Opinion granting the Motion to Vacate Default (D.I. 23) and entered a corresponding Order setting aside the Default (D.I. 24).

## II.    SUMMARY OF ARGUMENT

All of the claims in Plaintiff's complaint as amended (the "Complaint") should be dismissed with prejudice.  Plaintiff already had his day in court and his claims are barred by the doctrine of *res judicata*, as they have been litigated and adjudicated in the Justice of the Peace Court, Civil Action No.: JP17-12-007012, by judgment entered on June 4, 2013.  Plaintiff's claims are barred by collateral estoppel by the entry of the CPC Dismissal Order (defined below).  The only claims that could arguably not be covered by collateral estoppel are those identified in the Civil Cover Sheet filed by Plaintiff under 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1964 (RICO).  There is no private cause of action under 18 U.S.C. § 1341 and 18 U.S.C. § 1343, which are federal criminal statutes.  While there is a private cause of action under 18 U.S.C. § 1964(c), Plaintiff has not pled facts sufficient to support such a claim under Racketeer Influenced and Corrupt Organizations Act ("RICO").

---

[1]  In the Motion to Vacate Default, Defendants indicated that Jeffrey A. White, one of the named defendants, died on September 8, 2013.  The Appendix to Defendants' Opening Brief in Support of Motion to Vacate Default (D.I. 18) attached the Notice of Suggestion of Death that was filed in the CPC Action (defined below) at Tab 8.  The applicability of Fed. R. Civ. P. 25(a) would not affect the outcome here, as all claims should be dismissed.

2

III.   <u>**STATEMENT OF THE FACTS**</u>

On December 20, 2012, Jeff White's Auto Inc. sued James Eaton in the Justice of the

Peace Court of the State of Delaware in and for Sussex County (the "JP Court"), Civil Action

No.: JP17-12-007012 (the "JP Action"), filing a complaint seeking $4,511.00 for repair work

done to Mr. Eaton's 1988 or 1989 Ford truck (the "JP Complaint").  <u>See</u> Tab 1 of Appendix – JP

Complaint.

On January 14, 2013, James Eaton answered JP Complaint on January 14, 2013, and

requested a Bill of Particulars.

On January 30, 2013, Jeff White's Auto Inc. filed its Bill of Particulars in the JP Action.

On April 25, 2013, Plaintiff filed his pro se complaint (the "Original Complaint") and

Civil Cover Sheet (D.I. 1) commencing this action.  <u>See</u> Tab 2 of Appendix – Original

Complaint.  The Civil Cover Sheet indicates that Plaintiff's causes of action are filed pursuant to

18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1964 (RICO).

Plaintiff, in his Opposition to Motion to Vacate Default, indicates that this suit is for "fraud,

extortion, telephone fraud, threats of defamation, mail fraud, stalking, harassment, threats, theft,

and mental anguish, including the R[I]CO Act."  <u>See</u> Opposition to Motion to Vacate Default,

pp. 1-2.

On May 15, 2013, James Eaton countersued Jeff White's Auto Inc. in the JP Action,

filing counterclaims seeking $20,087.00 in damages based upon the facts alleged therein (the "JP

Counterclaims").  <u>See</u> Tab 3 of Appendix – JP Counterclaims.  The facts alleged in the JP

Counterclaims are identical to those alleged in the Original Complaint and even have the same

numbering.  At no point did Plaintiff attempt to have the claims asserted in the JP Counterclaims

removed or transferred to this Court for adjudication even though the underlying facts alleged by

Plaintiff are the same in both actions.

3

On May 28, 2013, James Eaton and Jeannie Eaton commenced an action against the Defendants in the Court of Common Pleas for the State of Delaware in and for Sussex County (the "Common Pleas Court"), Civil Action No. CPU6-13-000564 (the "CPC Action"), filing a complaint (the "CPC Complaint") seeking $50,000 in damages in connection with claims arising from the same facts alleged in the JP Counterclaims.  See Tab 4 of Appendix – CPC Complaint. The counts set forth in the Original Complaint are the same or similar to paragraphs 4 – 20 of the CPC Complaint.  Plaintiff, in his Opposition to Motion to Vacate Default, indicates that the CPC Action was for "fraud, extortion, telephone fraud, threats of defamation, mail fraud, stalking, harassment, threats, theft, and mental anguish."  See Opposition to Motion to Vacate Default, p. 3.  The only thing different between Plaintiff's own description of this action and the CPC Action is that this action references RICO.

The relief sought in the CPC Complaint is the same or similar to the relief sought in the Original Complaint with few exceptions as noted by blanks in the table below.

| CPC Complaint | Original Complaint |
|---|---|
| Fraud | Fraud |
| Extortion | Extortion |
| Telephone Fraud | Telephone Fraud |
| Threats Of Defamation | Threats Of Defamation |
| Mail Fraud | Mail Fraud |
| Stalking | Stalking |
| Harassment | Harassment |
| Threats | Terrorist Threats |
| Theft | |
| Mental Anguish | |
| | RICO Act |
| Monetary Damages | Monetary Damages |
| | Punitive Damages |

4

On June 4, 2013, the JP Court held a trial regarding the claims asserted in the JP Complaint and the claims asserted in the JP Counterclaims.[2]  On that same date, the JP Court entered a Notice of Judgment/Order (the "JP Order").  See Tab 5 of Appendix – JP Order.  In the JP Order, the JP Court: (1) dismissed Jeff White's Auto Inc.'s claims with prejudice; (2) found that James Eaton was entitled to the return of monies paid to Jeff White's Auto, Inc. in the sum of $702.50; and (3) found that all other counterclaims were unsubstantiated.

Neither Jeff White's Auto Inc. nor James Eaton appealed the JP Order within the 15-day period permitted.  See Tab 6 of Appendix – Case Summary of JP Action.  Accordingly, the JP Order is a final order adjudicating the claims set forth in the JP Complaint and the claims set forth in the JP Counterclaims.

On July 5, 2013, Jeffrey A. White, Jeff White Autoworks, Inc. and Jeff White's Auto Inc. filed a motion to dismiss the CPC Complaint on the basis of the doctrine of *res judicata* (the "CPC Motion to Dismiss").  See Tab 7 of Appendix – CPC Motion to Dismiss.

On September 8, 2013, Jeffrey A. White died.  The Co-Administrators of the Estate of Jeffrey A. White are Stephen M. White and Phillip M. White.

On February 12, 2014, the Common Pleas Court entered an order accepting the Commissioner's proposed findings of fact, conclusions and recommendations granting the CPC Motion to Dismiss (the "CPC Dismissal Order").  See Tab 8 of Appendix – CPC Commissioner's Recommendation and CPC Dismissal Order.  By granting the CPC Motion to Dismiss in the CPC Dismissal Order, the Common Pleas Court dismissed with prejudice all of Plaintiff's claims asserted in the CPC Complaint, which included fraud, extortion, telephone

---

[2]  Plaintiff does not dispute this fact.  See Opposition to Motion to Vacate Default, p. 3.

fraud, threats of defamation, mail fraud, stalking, harassment, threats, theft, mental anguish, and monetary damages.

No appeal of the CPC Dismissal Order was filed.  See Tab 9 of Appendix – Case Summary of CPC Action.

IV.   **ARGUMENT**

All of the claims asserted in the Complaint should be dismissed with prejudice because: they are barred by the doctrine of *res judicata* (or claim preclusion), as they have been litigated and adjudicated in the Justice of the Peace Court, Civil Action No.: JP17-12-007012, by judgment entered on June 4, 2013.  Further, Plaintiff's claims are barred by collateral estoppel (or issue preclusion) by the entry of the CPC Dismissal Order, which was never appealed.  The only claims that could arguably not be covered by collateral estoppel are those identified in the Civil Cover Sheet filed by Plaintiff under 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1964 (RICO).  There is no private cause of action under 18 U.S.C. § 1341 and 18 U.S.C. § 1343, which are federal criminal statutes.  While there is a private cause of action under 18 U.S.C. § 1964(c), Plaintiff has not pled facts sufficient to support such a claim under RICO.

   A.   **The Claims Are Barred By The Doctrine of *Res Judicata*
         (Or Claim Preclusion)**

Here, Plaintiff already had his day in court when the JP Court adjudicated the claims he asserted in the JP Counterclaims and entered a final order.

As explained by the Delaware Supreme Court:

> *Res judicata* "exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy."  "The procedural bar of *res judicata* extends to all issues which might have been raised and decided in the first suit as well as to all issues that actually were decided."  "The rule against claim splitting is an aspect of the doctrine of *res judicata*."  This rule is "based on the belief that it is fairer to require a

6

> plaintiff to present in one action all of his theories of recovery relating to a
> transaction, and all of the evidence relating to those theories, than to
> permit him to prosecute overlapping or repetitive actions in different
> courts or at different times."

> "Under Delaware law, *res judicata* bars litigation between the same
> parties if the claims in the later litigation arose from the same transaction
> that forms the basis of the previous adjudication."  "Even if a substantive
> theory of recovery asserted in a subsequent lawsuit is different from that
> presented in prior litigation, when the second action is based on the same
> transaction as the first, the claim has been split and must be dismissed."

> To properly assert *res judicata* as a bar to a plaintiff's claim, a defendant
> must show that first, the same transaction formed the basis for both the
> present and former suits; and second, plaintiff neglected or failed to assert
> claims which in fairness should have been asserted in the first action.
> "Upon such a showing, the plaintiff, to prevent dismissal, must then show
> that there was some impediment to the presentation of the entire claim for
> relief in the prior forum."

Wilson v. Brown, 36 A.3d 351, 2012 Del. LEXIS 33, *12-14 (Del. Jan. 24, 2012) (citations

omitted); see also Branson v. Branson, 2013 Del. LEXIS 144, *4 (Del. March 19, 2013);

Elkadrawy v. The Vanguard Group, Inc., 584 F.3d 169, 174 (3d Cir. 2009) ("A claim

extinguished by res judicata 'includes all rights of the plaintiff to remedies against the defendant

with respect to all or any part of the transaction or series of connected transactions, out of which

the action arose.'") (citation omitted).

    As the facts set forth in the Original Complaint track verbatim those facts set forth in the

JP Counterclaims, there can be no dispute that the claims asserted in this action are based upon

the same transaction litigated and adjudicated in the JP Action.  At no point did Plaintiff attempt

to have the claims asserted in the JP Counterclaims removed or transferred to this Court for

adjudication even though the underlying facts alleged by Plaintiff are the same in both actions.

Accordingly, Plaintiff's claims are barred by the doctrine of *res judicata* and should be dismissed

under Fed. R. Civ. P. 12(b)(6).  See *Branson v. Branson*, 2013 Del. LEXIS 144, *4 (Del. March

19, 2013) ("Because *res judicata* encompasses every claim that was actually raised, and also

7

claims that could have been raised, in the prior litigation, the Superior Court properly applied

that doctrine and dismissed Vincent's complaint under Rule 12(b)(6)."); Elkadrawy, 584 F.3d at

173-74 (affirming decision dismissing with prejudice "new" federal claims that "could have been

brought" in first action).  See also Williams v. Murdoch, 330 F.2d 745, 749 (3d Cir. 1964)

(affirmative defense of *res judicata* may be raised by a motion to dismiss or by an answer).

### B.   The Claims Are Barred By The Doctrine of Collateral Estoppel (Or Issue Preclusion)

"Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that

has already been actually litigated."  Peloro v. United States, 488 F.3d 163, 174 (3d Cir. 2007).

Issue preclusion, or collateral estoppel, bars the relitigation of an issue where: "(1) the issue

sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was]

actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the

determination [was] essential to the prior judgment.'"  Peloro, 488 F.3d at 174-75 (quoting

Burlington Northern Railroad v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.

1995)).

Plaintiff's claims are barred by issue preclusion, or collateral estoppel, by the entry of the

CPC Dismissal Order, which was never appealed.  The claims sought to be precluded here are

the same claims asserted in the CPC Complaint (with the exception of any RICO claim – see

chart above comparing claims in CPC Complaint to claims in Original Complaint).  The claims

were litigated pursuant to the CPC Motion to Dismiss.  See Elkadrawy, 584 F.3d at 173 (finding

that disposition of an action as untimely filed is a decision on the merits for purposes *of res

judicata*); see also Comm. P. Ct. Civ. R. 41(b) ("Unless the Court in its order for dismissal

otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this

Rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a

8

party under Rule 19, *operates as an adjudication upon the merits*.") (emphasis added).  The issues were dismissed with prejudice by the CPC Dismissal Order, which is a valid and final judgment.  The Common Pleas Court's determination to dismiss all of Plaintiff's claims asserted in the CPC Complaint, which included fraud, extortion, telephone fraud, threats of defamation, mail fraud, stalking, harassment, threats, theft, mental anguish, and monetary damages, were essential to that judgment.

While RICO claims were not specifically set forth in the CPC Complaint, the prerequisite claims – telephone fraud, mail fraud and extortion were.  Because the telephone fraud, mail fraud and extortion claims were dismissed with prejudice, no RICO claim could survive here.

**C.     Complaint Fails To State A Claim Upon Which Relief Can Be Granted**

To the extent that this Court finds that any claims set forth in the Complaint are not barred by the doctrine of *res judicata* or by collateral estoppel, Plaintiff's claims against Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to show any plausible right to relief.

**1.     There Is No Private Cause Of Action For Mail Fraud Or Wire Fraud**

Defendants believe that all of Plaintiff's claims are barred by the doctrine of *res judicata*. Defendants further believe that all of Plaintiff's claims are also barred by collateral estoppel. The only claims that could possibly not be barred by collateral estoppel are Plaintiff's claims pursuant to 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1964 (RICO).

There is no private cause of action under 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud), which are federal criminal statutes.  See <u>Pennington v. Wells Fargo Bank, N.A.</u>, 2012 U.S. Dist. LEXIS 151206, *8-9 (E.D. Pa. Oct. 19, 2012) (dismissing with prejudice claims based on alleged violations of federal criminal law, including claims based on 18 U.S.C. §

1341 [mail fraud] and 18 U.S.C. § 1343 [wire fraud], as the relevant statutes do not provide a private cause of action); Williamson v. Michals, 2013 U.S. Dist. LEXIS 119805, *5-6 (D. N.J. Aug., 23, 2013) ("Both claims [mail fraud claim and wire fraud claim], which are based on violations of federal criminal law, fail as a matter of law inasmuch as the federal statutes upon which they are based do not provide Plaintiff with a private cause of action.") (citing Jones v. TD Bank, 468 Fed. Appx. 93, 94 (3d Cir. 2012) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so.") and Addlespurger v. Corbett, 461 F. Appx. 82 (3d Cir. 2012) ("[T]here is no private cause of action for a violation of the federal mail and wire fraud statutes")); see also Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999) ("[W]e agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes.") (collecting cases).  To the extent not already barred by *res judicata* or collateral estoppel, Plaintiff's claims for mail fraud and wire fraud should be dismissed with prejudice.

### 2.   Complaint Fails To Adequately State A RICO Claim

The purpose of RICO is "the elimination of the infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce."  See Motjuste Tirade of Vim Andre Juste v. Phillips, 2014 U.S. Dist. LEXIS 54914 , *18-19 (N.D. W. Va. Feb. 25, 2014) (citing S.Rep. No 617, 91st Cong., 1st Sess. 76 (1969)).  Plaintiff's claims have nothing to do with interstate commerce or organized crime.  They arise from Defendants' attempts to collect amounts alleged to be owed in connection with repairs to a truck.

While there is a private cause of action under 18 U.S.C. § 1964(c) for RICO claims, Plaintiff has not pled facts sufficient to support such a claim.

10

The Third Circuit in <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 125, 129-30 (3d Cir.

2010), articulated a three-part analysis for determining whether a complaint adequately states a

claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." <u>Iqbal</u>, 556 U.S. at 675.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 678. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." <u>Id.</u>  at 679.

<u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 566 U.S. 662, 675-79 (2009)); <u>see also</u> <u>Bell Atlantic Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 555 (2007).

In conducting this analysis, the Court should accept as true all well-pled factual

allegations as set forth in the Complaint, and any *reasonable* inferences therefrom should be

drawn in the Plaintiff's favor.  <u>See</u>, <u>e.g.</u>, <u>Ford v. Schering-Plough Corp.</u>, 145 F.3d 601, 604 (3d

Cir. 1998), <u>cert.</u> <u>denied</u>, 525 U.S. 1093 (1999).  However, legal conclusions or unsupported

conclusory factual allegations should not be accepted as true.  <u>Iqbal</u>, 556 U.S. at 678 (citing

<u>Twombly</u>, 550 U.S. at 555).  The Court may consider not only the complaint, attached exhibits,

and matters of public record, but also other indisputably authentic documents attached to the

briefs on the motion to dismiss if the plaintiff's claims are based on those documents.  <u>See</u> <u>Pryor</u>

<u>v. National Coll. Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002); <u>Pension Benefit Guar. Corp.</u>

<u>v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

Applying these standards, the Complaint fails to state a plausible claim for relief under

RICO.  Quite simply, the Complaint does not allege facts sufficient to support a RICO claim and

such claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

To state RICO Claim, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 406 (8th Cir. 1999) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985)).

"The pattern element 'requires at least two acts of racketeering activity.'  However, a mere allegation of two or more acts is insufficient to state a RICO claim; the predicate acts must be related and must 'amount to or pose a threat of continued criminal activity.'" Wisdom, 167 F.3d at 406.  "The relationship prong of the pattern element is satisfied if the predicate acts 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" Id.  The second prong of the pattern element, continuity, can be either closed-ended or open-ended.  Id.

"Closed-ended continuity involves 'a series of related predicates extending over a substantial period of time;' open-ended continuity involves acts which, by their nature, threaten repetition into the future." Id.

In defining "racketeering activity," 18 U.S.C. § 1961(1) lists the predicate actions that will support a RICO claim and include extortion, mail fraud and wire fraud.  Id.  As set forth above, Plaintiff's claims for extortion, mail fraud, and wire fraud are barred by collateral estoppel, as they were raised in the CPC Complaint and dismissed with prejudice in the CPC Dismissal Order.  As such, any RICO claim must fail.

Even assuming Plaintiff could establish predicate acts (which he cannot), Plaintiff is unable to establish the continuity factor of the pattern element as the relevant period of time at issue was too short.  From the Complaint, the relevant conduct appears to have commenced in August 2012 (Original Complaint, ¶ 43) and would have ended when the JP Action was commenced on December 20, 2012 – spanning a period of less than five months.  See Wisdom,

12

167 F.3d at 407 ("[T]he predicate acts of mail and wire fraud occurred between July and December 1992.  This six-month period is too short to satisfy the closed-ended analysis of the pattern requirement.") (citing <u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>, 986 F.2d 1208, 1215 (8th Cir. 1993) (holding that eleven months is insufficient to satisfy the closed-ended continuity requirement and noting that other Circuits consistently hold that schemes less than one year are too short)).  Open-ended continuity is not plausible here, as Jeffrey White is deceased.  Having failed to meet the pattern element, Plaintiff's RICO claim must fail.  <u>See Wisdom</u>, 167 F.3d at 407.

As Plaintiff's claim for punitive damages stems from his RICO claim, any claim for punitive damages must also be dismissed with prejudice.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully submit that sufficient cause exists to grant their motion dismissing all claims against them with prejudice.

Dated:  May 23, 2014

ARCHER & GREINER, P.C.

*/s/ David W. Carickhoff, Jr.*
Harold W.T. Purnell, II (DE 1094)
David W. Carickhoff, Jr. (DE 3715)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone:  (302) 777-4350
Facsimile:  (302) 777-4352
hpurnell@archerlaw.com
dcarickhoff@archerlaw.com

*Counsel to Estate of Jeffrey A. White, Jeff White's Auto Inc., and Jeff White Autoworks Inc.*

11095450v1

13